OPINION
{¶ 1} Plaintiff-appellant Trese Whytal appeals from an order of the trial court denying her motion to change the name of her minor daughter, Kayle Watring, to Kayle Whytal-Watring. Whytal contends that the trial court erred by making findings to support its judgment that are against the manifest weight of the evidence. Specifically, Whytal challenges the trial court's finding that "[t]he credible evidence clearly suggests that Ms. Whytal has not, in good faith, attempted to foster the minor's affiliation with both parents as she has claimed, rather, she has attempted, on her own initiative, to circumvent the child's legal given name, since birth." Although the evidence in support of this finding is circumstantial, we cannot conclude that in making this finding the trial court lost its way, resulting in a manifest miscarriage of justice. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Whytal and defendant-appellee Spencer Watring are the parents of Kayle Watring, whose date of birth is February 28, 2000. Whytal filed a motion addressed to the issue of visitation, and also requested, in her motion, that the child's last name be changed to Whytal-Watring. The motion was heard before a magistrate. At the hearing, the issue involving visitation was resolved to the satisfaction of the parties, and the magistrate took the issue of the name change under advisement. Subsequently, the magistrate rendered a decision denying the motion for change of Kayle's name.
 {¶ 3} Whytal filed an objection to the magistrate's decision. The trial court rendered a decision denying Whytal's objection, and adopting the decision of the magistrate. From this order, Whytal appeals.
 II {¶ 4} Whytal's sole assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE MAGISTRATE THAT DENIED PLAINTIFF-APPELLANT'S MOTION TO HYPHENATE THE SURNAME OF THE PARTIES MINOR [CHILD]."
 {¶ 6} Watring has not filed a brief.
 {¶ 7} In her decision, the magistrate addressed the issue of a change of name as follows:
 {¶ 8} "In this matter, the child shares the last name with her father. The Plaintiff contends that it is in the best interest of the child to have the both parents's [sic] last name because the child believes her last name is Whytal, that of the Plaintiff's, and not Watring. The child has had the last name of Watring since her birth and the child is now four (4) years old. There was no indication that the name change would affect the child's relationship with either parent. In the in camera interview, the child could not identify the first or last name of either of her parents. The child did indicate her name was Kaylee [sic] Whytal and the Court finds the child believes this is her name because she has been encouraged by the Plaintiff to use the name Whytal rather than Watring. This encouragement has not been in the child's best interest as this is not the child's name. The Court finds that it is unreasonable to change the child's last name simply because the Plaintiff has encouraged the child to use the name Whytal." In the decision and order of the trial court from which this appeal is taken, the trial court made more extensive findings along these lines, as follows:
 {¶ 9} "(1) There was no indication that the proposed name change would affect the child's relationship with either parent.
 {¶ 10} "(2) The credible evidence suggests that Ms. Whytal has consistently encouraged the minor child to use the name of `Whytal' instead of the child's legal name of `Watring' and also instead of the name which she now proposes as `Whytal-Watring.' Clearly, the Plaintiff's actions concerning this issue are not and have not been in the child's best interest. Ironically enough, Plaintiff originally designated the child's surname as Watring, when the child was born, pursuant to the authority granted by O.R.C. 3705.09 which provides, in relevant part:
 {¶ 11} "`(2) if the mother was not married at the time of conception or birth or between conception and birth, the child shall be registered by the surname designated by the mother.'
 {¶ 12} "In the case at hand, the credible evidence clearly suggests that Ms. Whytal has not, in good faith, attempted to foster the minor's affiliation with both parents, as she has claimed, rather, she has attempted, on her own initiative, to circumvent the child's legal given name, since birth, by teaching this child a different name than she has been legally given for the last four years of her life, all without legal authority to do so.
 {¶ 13} "(3) The minor child herein is four years of age and has had the legal surname of Watring since birth, despite Plaintiff's attempted teachings to the contrary.
 {¶ 14} "(4) As pointed out by the Magistrate in her Decision, the minor child herein was unable to identify either the first or last name of either of her parents and indicated to the Magistrate that she now believes her name to be Kaylee Whytal. It is clear to this Court that this child's belief are [sic] as a direct and proximate result of the Plaintiff's prior teachings all of which do not serve in the child's best interest.
 {¶ 15} "(5) The child's legal surname of Watring is obviously different than Plaintiff's surname of Whytal, however, this is a fact which the Plaintiff contemplated when she originally named the child at birth.
 {¶ 16} "(6) There has been no sufficient evidence to establish that the minor child will encounter any embarrassment, discomfort or inconvenience resulting from her bearing a different surname than her mother's. In fact, at the hearing which took place before the Magistrate, Ms. Whytal did not offer a compelling reason why the child's name should be changed at this point in time. Her argument in support of her Motion is general, in nature, and she contends that she is attempting to, in essence, foster the child's affiliation with both parents, who have different surnames and therefore avoid any confusion which might result from the child having a different name than her mother, however, the credible evidence clearly indicates that Ms. Whytal herself has promoted confusion by attempting to teach this child a name different than her current legal name which is inconsistent with that which Mr. Watring has been teaching the child while he spends his parenting time with her attempting to teach her her legal given name.
 {¶ 17} "(7) The credible evidence in this case suggests that Mr. Watring has been an important part of this child's life since birth and, to this end, the credible evidence suggests that he has been consistent with respect to his support obligation and enjoys frequent and productive parenting time with his daughter.
 {¶ 18} "There was no credible evidence before the Magistrate at the hearing which took place June 25, 2004 to suggest to the Court that it is no longer in the child's best interest for her to retain the surname of Watring and the Magistrate recognized this fact in her Decision filed July 2, 2004 which this Court agrees with in its entirety."
 {¶ 19} Obviously, both the magistrate in her decision, and the trial court, in its decision, placed emphasis upon their respective findings that Whytal had encouraged the child to use her surname, rather than the child's legal surname of Watring. Whytal takes exception to these findings, pointing out that there is no direct evidence for them, and that, in fact, she testified that she had encouraged the child to use Watring as her surname, but that the child, who is four years old, consistently referred to her surname as Whytal.
 {¶ 20} We have reviewed the transcript of the hearing, and it is true that Whytal testified that she encouraged her child to use Watring as her surname. However, the trial court was not obliged to find Whytal's testimony to be credible on this issue. Furthermore, although there is no direct evidence that Whytal encouraged her daughter to use her surname, there is circumstantial evidence from which that finding can be made. During the magistrate's in camera examination of the child, the only time the child was able to indicate her surname, she referred to her surname as Whytal. At that point, the magistrate asked her, "who told you what your name was?" The child's response was "mama."
 {¶ 21} The test for determining whether a judgment is against the manifest weight of the evidence is set forth in State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720-721, as follows:
 {¶ 22} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Cited approvingly in State v. Thompkins (1997),78 Ohio St.3d 380, at 387.
 {¶ 23} In view of the circumstantial evidence represented by the child's statement, during the magistrate's in camera interview of the child, that her surname was Whytal, and that she knew this from her mother, we cannot say that the trial court, in making the finding upon which it relied, lost its way and created such a manifest miscarriage of justice that the result must be overturned.
 {¶ 24} As noted in Whytal's brief, the test for determining whether a change of a minor's surname is in the best interests of the child is set forth in In re Willhite (1999), 85 Ohio St.3d 28, 32, 706 N.E.2d 778, as follows:
 {¶ 25} "[W]e hold that in determining whether a change of a minor's surname is in the best interest of the child, the trial court should consider the following factors:
 {¶ 26} "The effect of the change on the preservation and development of the child's relationship with each parent; the identification of the child as part of a family unit; the length of time that the child has used a surname; the preference of the child if the child is of sufficient maturity to express a meaningful preference; whether the child's surname is different from the surname of the child's residential parent, the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; parental failure to maintain contact with and support of the child; and any other factor relevant to the child's best interest."
 {¶ 27} As the trial court noted in its decision, there was no evidence to establish that Kayle would encounter any embarrassment, discomfort or inconvenience as a result of having a different surname then that of her mother. Nor was there any evidence that Watring had failed to maintain contact with, or to provide support for, Kayle. The trial court appears to have found that maintaining the Watring surname would facilitate preserving and developing the child's relationship with each parent, since her relationship with her mother, with whom she spends most of her time, appears to be good, and having a common last name with her father would help preserve and strengthen her relationship with her father. The child did not express a preference, assuming that this four-year-old-child was of sufficient maturity to express a meaningful preference.
 {¶ 28} Although the child's legal surname of Watring is different from the surname of her residential parent, Whytal, it is also different from the hyphenated surname that Whytal is proposing.
 {¶ 29} Finally, pursuant to the factors set forth in Willhite, supra, the trial court was entitled to consider "any other factor relevant to the child's best interests." The trial court obviously relied upon this catch-all provision in considering, and giving substantial weight to, its finding that Whytal had promoted confusion by attempting to teach her child a surname different than her current legal surname. We do not find that the trial court abused its discretion by considering, and by giving substantial weight to, this fact.
 {¶ 30} In short, we conclude that the findings of fact upon which the trial court relied for its decision are not against the manifest weight of the evidence, and that the trial court's decision to deny Whytal's motion to hyphenate Kayle's surname does not constitute an abuse of discretion. Accordingly, Whytal's sole assignment of error is overruled.
 III {¶ 31} Whytal's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Donovan, J., concur.